TOWNSHIP OF BRICK, A MUNICIPAL CORPORATION OF THE COUNTY OF OCEAN AND STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BLOCK 48-7, LOTS 34, 35, 36, KENLAV, C/O PARTY TIME INN, AND OTHER LANDS, DEFENDANTS, AND ROBERT V. PASCHON AND BYRON KOTZAS, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 19, 1986—Decided May 30, 1986.

Before Judges COHEN and SKILLMAN.

*Frederic K. Becker* argued the cause for appellants (*Wilentz, Goldman & Spitzer,* attorneys).

*Charles E. Starkey* argued the cause for respondent (*Starkey, Kelly, Blaney & White,* attorneys).

The opinion of the court was delivered by

COHEN, J.A.D.

The background of this case was explored in our previous opinion, which appears at 202 *N.J.Super.* 246 (App.Div.1985), and will not be repeated here. In remanding the case to the Chancery Division for further hearing, we stated:

> Relief from the judgment should be granted only if anyone actively involved for plaintiff in the preparation and prosecution of the foreclosure suit had actually recognized before the default judgment from any information, including the return of the mailed notice, that the address carried on the tax duplicate for Paschon and Kotzas was inaccurate or stale and that, therefore, notice mailed to that address would probably not be delivered, and that another, known or readily available address could be used to notify them of the foreclosure suit. [202 *N.J.Super.* at 254].

The hearing was not lengthy. Counsel who was responsible for the prosecution of the foreclosure suit (not counsel before this court) testified and professed very little knowledge of the matter. He retained a Mrs. Foley, an experienced person, not employed by his law office, who had done foreclosures for some 15 years for various lawyers. She prepared all of the pleadings in her home and, generally, took responsibility for the matter. Counsel reviewed documents only for legal sufficiency and signed them. He executed an affidavit of service although it was Mrs. Foley who actually mailed the process, and he did not

know to whom process was mailed. Even though he did not know who the assessed owners were, he executed an affidavit of non-military service. He did not examine the returned undelivered envelopes in which process was mailed.

Although counsel knew Robert Paschon and Byron Kotzas rather well, he did not know they were two of the assessed owners involved in the suit. He had dealt with Paschon and his law firm for many years; he knew Paschon's office was in Toms River and that he regularly received mail there. Counsel had professional dealings with Kotzas both before and after the foreclosure. His law partner was an investment partner of Kotzas. Counsel undoubtedly knew, at the time of the foreclosure, where Kotzas could be reached.

Mrs. Foley, who actually performed the work in the foreclosure case, was an investigator with the Board of Elections. On a part-time basis, she did tax foreclosures and other specialty work for various law firms. Mrs. Foley knew of Robert Paschon as an attorney practicing law in the area and knew that he maintained a local office for that purpose. She assumed he received mail there. She was also aware of Byron Kotzas; that he was a principal of Crossroads Realty and maintained a real estate office in the area. She assumed he received mail there. Mrs. Foley typed Paschon and Kotzas's names in the pleadings, including the information that their mailed process had been returned undelivered. She understood the meaning of the words "forwarding order expired" which appeared on the envelopes returned by the post office.

Mrs. Foley testified that she did not recall if, when the Paschon and Kotzas envelopes were returned, it occurred to her that they had been misaddressed or else they would have been delivered. She took no further action to cause notice to be sent to them.

There was testimony, then, from two persons actively involved for plaintiff in the preparation and prosecution of the foreclosure suit. One of them, plaintiff's counsel, was very

familiar with Paschon and Kotzas, but his contact with the foreclosure suit was so minimal that he was unaware even that they were parties to the suit. The other person, Mrs. Foley, had knowledge that notices mailed to the addresses furnished for Paschon and Kotzas were undeliverable because, according to the post office, they had moved and the order to forward mail to a new address had expired. Plainly, therefore, she knew that the address used for service was stale. At the same time, Mrs. Foley independently knew that Paschon and Kotzas maintained professional offices in the area, and she assumed they received mail there. Mrs. Foley did not recall if she actually came to the conclusion which the facts before her ccmpelled: that process could be sent to Paschon and Kotzas at current addresses which could readily be found.

Our prior opinion did not envision the fragmentation of function and responsibility existing among the persons prosecuting the foreclosure suit. We assumed that all material information eventually came to an ultimately responsible person whose conscious awareness could then be examined. That, however, does not appear to be the case. Rather, the separation of function effectively compartmentalized available knowledge as well.

Although plaintiff had no responsibility to seek out taxpayers in its foreclosure suit to see if they had furnished up-to-date addresses, *Atlantic City v. Block C-11, Lot 11,* 74 *N.J.* 34 (1977), and although local professional prominence does not call for preferential treatment from plaintiff, it is yet another thing for those involved in prosecuting a suit to deal with available information in such a way as to render it useless.

Counsel and Mrs. Foley were both consciously aware of defendants' presence in the area and their ready availability for service. Counsel did not consciously link that information with the non-delivery of mailed process because he insulated himself from knowledge of facts involved in the suit, otherwise counsel would have become aware of the obvious facts before him.

Mrs. Foley, who actually handled the suit, had before her the returned service marked "forwarding order expired." Although she did not recall her reaction, the information was plainly and simultaneously before her both that defendants' address was outdated and that defendants had readily available addresses where they could be reached. Because Mrs. Foley actually recognized the existence of all of that information, it is no matter that she does not recall if she recognized it all at the same instant. In those circumstances, the proofs satisfied the standard established in our earlier opinion.

We reverse and remand to the Chancery Division for further proceedings designed to afford Paschon and Kotzas a reasonable time to pay to plaintiff all taxes involved in the foreclosure suit, all interest to date, and all costs incurred by plaintiff in the prosecution of the suit against them through the filing of the judgment. Any disputes as to amount to be paid shall be resolved in the Chancery Division. Upon full payment within the time set, the judgment of foreclosure shall be vacated by the Chancery Division. Upon expiration of the time set without full payment, defendants shall lose the right to any relief from the judgment.