CRABTREE, J.T.C.
Defendant moves to dismiss plaintiff’s complaint for lack of jurisdiction. The facts essential to a disposition of the motion are not in dispute.
The real property which forms the subject matter of the litigation, located at 16-18 Washington Place, Newark, New Jersey (Block 22, Lots 10 and 11), was purchased by plaintiff from Rutgers, the State University, on June 13, 1983. At that time the property was exempt from taxation by virtue of N.J.S.A. 54:4-3.3, which exempts property owned by the State of New Jersey from local property taxation.
Plaintiff's purchase of the property changed its tax status from exempt to nonexempt because it was no longer owned by an exempt organization nor was it used for a tax-exempt purpose. Defendant’s assessor, in October 1983, assessed the property for the months of July through December 1983 in accordance with the applicable statute (N.J.S.A. 54:4-63.28). The assessor did not send plaintiff a certified-mail notice of the assessment. Defendant’s tax collector sent a tax bill by certified mail, return receipt requested, but it was returned without delivery by the postal service.
On December 19, 1984 plaintiff filed a petition of appeal with the Essex County Board of Taxation challenging the six-month 1983 assessment placed on the property in October 1983. The board dismissed plaintiff’s petition on the ground that it was not filed within the time prescribed by law.
Plaintiff contends that its late filing is excused by defendant’s failure either to send plaintiff a tax bill or to give plaintiff certified mail notice of the assessment. Plaintiff urges that this court invoke its equitable powers to allow plaintiff’s complaint to stand in spite of its late filing. Disposition of the issues raised by plaintiff’s arguments requires an examination of the relevant statutory scheme pertaining to the restoration of previously exempt property to the tax rolls.
The procedure for assessing property during a tax year in which the property’s status changes from exempt to taxable is *611 set out in L. 1949, c. 144, §§ 1-5, codified as N.J.S.A. 54:4-63.26 through -63.30. Section 1 of the act (N.J.S.A. 54:4-63.26) simply declares:
Whenever any real property is by law exempt from taxation and the right to such exemption ceases by reason of a change in use or ownership of such property, the same shall be assessable as omitted property as hereinafter provided____
Section 2 of the act (N.J.S.A. 54:4-63.27) carries forward the valuation of the property as previously determined by the assessor. Section 3 of the act (N.J.S.A. 54:4-63.28) provides that “the property shall be assessed and taxed as of the first day of the month following the date when the right to exemption ceased, for the proportionate part of the [tax] year than remaining.” The total tax due is, of course, prorated according to the number of whole months remaining in the tax year. Section 4 (N.J.S.A. 54:4-63.29) is critical to the disposition of plaintiffs contention. That section provides:
Except as otherwise provided herein, the provisions of “An act concerning the assessment and collection of taxes, and supplementing chapter four of Title 54 of the Revised Statutes,” approved December twenty-seventh, one thousand nine hundred and forty-one (P.L.1941, c. 397), in respect to the entry of the assessments in the Added Assessment Lists, the preparation of the tax bills, the collection of the taxes, the time for the payment of the taxes and the other procedural provisions shall be applicable to assessments made under this act.
The act referred to has been codified as N.J.S.A. 54:4-63.1 to -63.11. Of relevance to the case before this court are N.J.S.A. 54:4-63.7 and -63.11. N.J.S.A. 54:4-63.7 provides:
As soon as the added assessment duplicate is delivered to the collector of the taxing district, he shall at once begin the work of preparing, completing, mailing or otherwise delivering the tax bills to the individuals assessed for added assessments and shall complete that work at least one week before November first. The validity of any added tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill but every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property for added assessments. [Emphasis supplied]
N.J.S.A. 54:4-63.11 requires that appeals from added assessments be made to the county board of taxation “on or before December 1 of the year of levy____”
*612 Plaintiff argues that there are two statutory methods for returning exempt property to the tax rolls. The old method, which plaintiff claims defendant relied upon, is found in N.J S.A. 54:4-63.12 through -63.23, a codification of L. 1947, c. 413, §§ 1-12. This legislation sets out procedures for assessments of omitted property by county boards. These procedures make no provision for certified-mail notice to the taxpayer of the assessment, except that a taxpayer must be given notice of any proposal by a tax collector, another taxpayer, the governing body of the taxing district or the county board itself to assess his property as omitted property. The other method, designated as the alternate method, is found in N.J.S.A. 54:4-63.31 through -63.40, a codification of L. 1968, c. 184, §§ 1-10. This legislation sets out procedures for the assessment of omitted property by the assessor and, unlike L.1947, c. 413, includes a requirement that certified-mail notice of the assessment be sent to the property owner.
Plaintiff uses the foregoing analysis as a point of departure for its contention that, in view of defendant’s failure to send either a tax bill or a certified-mail notice of the assessment, this court should invoke its equitable powers and, in effect, overlook plaintiff’s failure to file its petition with the county board within the time prescribed by law.
Plaintiff’s argument is unsound. In the first place, there are not two methods for returning exempt property to the tax rolls. The exclusive method for restoring previously exempt property to the tax rolls as a result of a mid-year change in ownership or use is set out in L.1949, c. 144, §§ 1-5 (N.J.S.A. 54:4-63.26 through -63.30). That legislation explicitly adopts L. 1941, c. 397 (N.J.S.A. 54:4-63.1 to -63.11), which deals with added assessments, as the procedural provisions applicable to assessments made when previously exempt property is restored to the tax rolls.
Thus, while N.J.S.A. 54:4-63.26 states that property which changes status in mid-year from exempt to taxable shall be assessable as omitted property, N.J.S.A. 54:4-63.29 specifically *613 provides that the procedures to be followed in assessing such property are the same as those governing added assessments. Neither L. 1947, c. 413 nor L.1968, c. 184, dealing with the two methods of assessing omitted property generally, is applicable to the assessment of previously exempt property which undergoes a mid-year change in taxable status. It is well settled that, in case of a conflict between general and specific statutes, the latter prevails over the former. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 262 A.2d 193 (1970); State by State Highway Comm’r v. Dilley, 48 N.J. 383, 226 A.2d 1 (1967); Perry v. Swedesboro, 204 N.J.Super. 103, 497 A.2d 922 (Law Div.1985). Thus, the requirement of certified-mail notice of an omitted assessment embodied in N.J.S.A. 54:4-63.35, being part of a general statute dealing with omitted assessments, must yield to the specific mandate of N.J.S.A. 54:4-63.-29, which incorporates the added assessment provisions of N.J.S.A. 54:4-63.1 to -63.11 as the procedures governing the assessment of property which undergoes a mid-year change in taxable status.
Accordingly, defendant was not required to give plaintiff certified-mail notice of the assessment; and N.J.S.A. 54:4-63.7, quoted above, makes it abundantly clear that the failure of defendant’s tax collector to send plaintiff a tax bill does not affect the validity of the 1983 assessment on plaintiff's property. Plaintiff’s premise for the invocation of this court’s equitable powers, namely, defendant’s failure to comply with statutory requirements, is thus erroneous.
The precise issue in this case is thus not whether this court is at liberty to invoke the equitable powers incontestably bestowed upon it by N.J.S.A. 2A:3A-4. Rather, the issue is whether the court has jurisdiction in the first instance to hear an appeal when the petition to the county board was not filed within the time prescribed by statute. The relevant statute is N.J.S.A. 54:4-63.11 pursuant to which appeals to the county board must be taken “on or before December 1 of the year of levy____” In the case sub judice plaintiff’s petition was not *614 filed with the Essex County board until December 19, 1984, more than one year after the statutory deadline. As this court said in Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38 (Tax Ct.1982): “Compliance with statutory filing requirements is an unqualified jurisdictional imperative, long sanctioned by our courts.” 4 N.J.Tax at 40.
Other cases hold that the right of appeal in tax cases is purely statutory and that all statutory requirements must be strictly complied with to invest the reviewing tribunal with subject matter jurisdiction. Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Suburban Dept. Stores v. East Orange, 47 N.J.Super. 472, 136 A.2d 280 (App.Div.1957); Danis v. Middlesex Cty. Bd. of Tax., 113 N.J.Super. 6, 272 A.2d 542 (App.Div. 1971). The rationale underlying this rule was given felicitous, cogent expression by Judge Lario in Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1980):
The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure. Municipal budgets must be finalized not later than the 90th day after the beginning of the budget year. N.J.S.A. 54:4-42. Real estate assessments, which constitute the bulk of a municipality’s income, are established as of October 1 of the pretax year. N.J.S.A. 54:4-23. Throughout our tax legislation, it is clear that our Legislature has attempted to set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of taxable ratables within its jurisdiction in order that it might adopt a responsible and fairly accurate budget. [at 92]
This salutary exposition of the reasons requiring strict compliance with statutory filing deadlines in property tax cases was quoted approvingly by our Supreme Court in F.M.C. Stores Co. v. Morris Plains Boro., 100 N.J. 418, 495 A.2d 1313 (1985).
Plaintiff relies upon Cairola-Barber Post No. 2342, Inc. v. Fort Lee, 2 N.J.Tax 262 (Tax Gt.1981), which appears to support plaintiffs position that defendant’s failure to give certified mail notice of the assessment excuses plaintiff’s late filing with the county board. In that case, however, the municipality’s assessor treated the assessment which he made because of a midyear change in the property’s use as an omitted assessment under the so-called alternate method prescribed by N.J.S.A. 54:4-63.31 et seq. (L. 1968 c. 184). This legislation, as noted *615 earlier, contains the requirement of certified-mail notice to the property owner. N.J.S.A. 54:4-63.35. The Tax Court concluded that the assessor’s failure to comply with the statute excused the taxpayer’s late filing, although it is not clear from the opinion whether a prorated assessment was imposed for the proportionate part of a tax year following the change in use, or, more precisely, the disqualifying use of a portion of the property. The opinion makes no reference to N.J.S.A. 54:4-63.29, which declares that the added assessment procedures of N.J. S.A. 54:4-63.1 to -63.11 are applicable to assessments made by virtue of a mid-year change in the property’s taxable status. To the extent, however, that Cairola-Barber stands for the proposition that the procedure as delineated in N.J.S.A. 54:4-63.12 et seq. (the old method) or N.J.S.A. 54:4-63.31 et seq. (the alternate method) applies to assessments made by reason of a mid-year change in the property’s taxable status, I respectfully disagree and decline to follow it.
The same infirmity inheres in the opinion of the Superior Court, Appellate Division in St. Michael’s Passionist Monastery v. Union City, 195 N.J.Super. 608, 481 A.2d 304 (App.Div. 1984), a case involving a mid-year change in the taxable status of property owned by non-profit religious organizations. The event which triggered the assessment was a change in use, not a change in ownership. The Tax Court had held that the complaints were filed beyond the time fixed by law and that the taxing district was not estopped by its conduct from contesting the late filing. On appeal, the court sua sponte raised the issue of omitted assessment procedures and directed the parties to brief it.
The court concluded that the timing of the proportionate assessment governs the time for appeal; and that the omitted assessment procedure, previously identified in the opinion as either the original method of N.J.S.A. 54:4-63.12 et seq. or the alternate method of N.J.S.A. 54:4-63.31 et seq. must be followed. The appellate court’s opinion makes no reference whatever to the most critical provision of the legislation dealing with proportionate assessments of property subject to a mid-year *616 change in tax status, namely, N.J.S.A. 54:4-63.29, which mandates use of the added assessment procedures of N.J.S.A. 54:4-63.1 to -63.11. For the reasons stated earlier in this opinion, the omitted assessment procedures alluded to by the court cannot be used.
I conclude, with all due deference, that the omission of consideration of N.J.S.A. 54:4-63.29 from the Appellate Division’s opinion vitiates the value of St. Michael’s Passionist Monastery as binding precedent. Cf. West Milford Tp. v. Garfield Recreation Comm., 194 N.J.Super. 148, 158, 476 A.2d 333 (Law Div.1983) (case not considered binding precedent on legal point not in issue).
Defendant’s motion to dismiss will be granted. The Clerk of the Tax Court will prepare the appropriate judgment.