220 N.J. Super. 434 (1987)
532 A.2d 740
THEODORE AND ELAINE SOURLIS, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF RED BANK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1987.
Decided October 13, 1987.
*436 Before Judges FURMAN, BRODY and LONG.
Thomas A. Pliskin argued the cause for appellants (Giordano, Halleran & Ciesla, attorneys; John Brogan, of counsel).
David A. Laughlin argued the cause for respondent (Carton, Nary, Witt & Arvanitis, attorneys).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Appeal is before us from summary judgment dismissing an action to vacate an in rem tax foreclosure judgment. The trial court applied the bar of N.J.S.A. 54:5-90, which limits to five years collateral attacks on in personam tax foreclosure judgments. At oral argument we were informed that the Borough of Red Bank has retained title to the subject property.
We reverse and remand. The applicable statute of limitations is not N.J.S.A. 54:5-90 but N.J.S.A. 54:5-104.67, within the In Rem Tax Foreclosure Act, N.J.S.A. 54:5-104.29 et seq. That statute provides:
No application shall be entertained to reopen such judgment after three months from the date of the recording thereof in the office of the county *437 recording officer, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the action.
As interpreted in New Shrewsbury Borough v. Block 115, Lot 4, 74 N.J. Super. 1, 9 (1962), the three month period of limitations in N.J.S.A. 54:5-104.67, "applies to all grounds other than `lack of jurisdiction or fraud.'" A separate action, as here, to vacate an in rem tax foreclosure judgment on the ground of lack of jurisdiction should be brought within a reasonable time, cf. 4:50-2.
The facts asserted by plaintiffs on motion and cross-motion for summary judgment were not challenged below. According to plaintiffs, they acquired title to the subject property from Carmel Schiafone, widow and devisee of Eugene Schiafone, in 1984. The in rem tax foreclosure judgment was entered in 1981. The subject property, then Lot 1B, Block 84, first appeared on the tax rolls in 1976. At all times prior to the foreclosure judgment, the owner was listed as "unknown." Nevertheless, the Borough of Red Bank, as plaintiff in the in rem proceeding, attempted to serve notice on Carmel Schiafone, but at her address prior to 1969. The mailing was returned "undelivered, forwarding time expired."
The confused prior tax history of the subject property, drawn from the affidavits of Carmel Schiafone and of the president of a local title company, is as follows. By deed in 1947 Eugene Schiafone acquired title to property on both sides of Chapin Avenue, designated Tract One, containing Lots 2, 3 and 4, Block 84 and Tract Two, not then identified on the borough tax map by lot and block number. What was then designated as Tract Two is the subject of this litigation. It is on the west side of Chapin Avenue, a parcel about 50 feet by 172 feet, fronting on the Navesink River. Eugene Schiafone died in 1959. His widow Carmel received and paid tax bills from 1959 through 1969 on Lots 2, 3 and 4, which included a physical description of Tract Two in the 1947 deed. Lot 1B, Block 84 was shown on the 1967 borough tax map, for the first time identified by lot and block number.
*438 Carmel Schiafone moved to another address within the borough in 1969. She continued to receive tax bills on Lots 2, 3 and 4 at her new address, but the description of the parcel 50 feet by 172 feet was deleted from her tax bills. The assessed valuation of her property on Chapin Avenue nevertheless remained the same and, in subsequent years, increased. In 1970, a minor subdivision was approved, listing her as the owner of Lot 1B, Block 84, with her correct current address. In 1971, Carmel Schiafone conveyed out Lots 3 and 4.
It is now settled law that a property owner is entitled to personal service or mailed notice of foreclosure as a requirement of constitutional due process of law, and that, without prior notice to him at his last known address, jurisdiction is lacking to enter an in rem tax foreclosure judgment against him. Township of Montville v. Block 69, Lot 10, 74 N.J. 1, 19-20 (1977), overruling City of Newark v. Yeskel, 5 N.J. 313 (1950). Service of notice by mail is provided for under R. 4:64-7(c), as amended to conform with Montville.
As further developed in subsequent case law, service of notice to the owner's address as it appears on the last municipal tax duplicate is not sufficient if a tax official or other person responsible for the preparation and prosecution of the foreclosure suit had actual knowledge that the owner's address listed on the tax duplicate was incorrect, Brick Tp. v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 254 (App.Div. 1985), or such constructive knowledge, Brick Tp. v. Block 48-7, Lots 34, 35, 36, 210 N.J. Super. 481, 484-485 (App.Div. 1986), or if the taxpayer had made reasonable efforts to notify the tax collector of his change of address but no correction was made, Berkeley Tp. v. Berkeley Shore Water Co., 213 N.J. Super. 524 (App.Div. 1986). The municipality has no obligation, however, to investigate "whether the name and address listed on its tax rolls are correct," Atlantic City v. Block C-11, Lot 11, 74 N.J. 34, 39-40 (1977), app. dism., 434 U.S. 1055, 98 S.Ct. 1222, 55 L.Ed.2d 775 (1978).
*439 In the Brick Tp. cases, the owners of the property subject to in rem foreclosure were a local attorney and a local "real estate entrepreneur." Notice was mailed to the attorney's former address and returned undelivered. In Brick Tp. I, we reversed an order denying a motion by the attorney and real estate entrepreneur to be relieved from the foreclosure judgment and remanded for further proceedings in view of their assertions that "the local officials who conducted the foreclosure suit knew of their change of address, knew where they could be reached and yet failed to take the simple steps necessary to give them notice of the suit." [202 N.J. Super. at 249] We remanded for an evidentiary hearing to determine whether any responsible municipal official had "actually recognized" that the address on the mailed notice was inaccurate.
Upon remand, the proofs failed to establish such actual awareness. We nevertheless directed in Brick Tp. II that the attorney and real estate entrepreneur be afforded a reasonable time to pay all taxes involved in the foreclosure suit and for the vacation of the judgment upon such payment, because "the information was plainly and simultaneously before [the person handling the suit for the municipality] both that defendants' address was outdated and that defendants had readily available addresses where they could be reached." [210 N.J. Super. at 485].
The result in Brick Tp. II parallels Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), which struck down as violative of due process rights under the Fourteenth Amendment the failure of a county to notify a mortgagee of a pending tax sale by personal service or mailed notice, under the circumstance that "the mortgagee is identified in a mortgage that is publicly recorded." [462 U.S. at 798, 103 S.Ct. at 2711] See other authorities in accord: Covey v. Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956); Benoit v. Panthaky, 780 F.2d 336 (3 Cir.1985).
*440 On the appeal before us, the motion judge in granting summary judgment under N.J.S.A. 54:5-90 commented, "... had the complaint been filed within the five years, and if what were before me was simply the question of the adequacy of notice, I would rule in accordance with the policy expressed in the Montville case, that the Borough of Red Bank had not made sufficient inquiry."
Without an evidentiary hearing, plaintiffs had no opportunity to prove actual knowledge of Carmel Schiafone's correct address, or conscious awareness that the mailed notice to her had been misdirected, by any responsible municipal official or agent. The facts in the light most favorable to plaintiffs suggest that, if actual knowledge is not proven upon remand, constructive knowledge of Carmel Schiafone's correct address may be proven, that is, such constructive knowledge from information or documentation of record readily accessible to someone acting for the municipality in the performance of his or her duties as would have entitled Carmel Schiafone to mailed service at her correct address, pursuant to Mennonite Board of Missions and other authorities. We refer, not necessarily inclusively, to the information and documentation of record that Carmel Schiafone was the owner of the subject property by devise from her late husband; that she had paid taxes on it for ten or eleven years; that she had changed her address in 1969; that her tax bills on other properties, which had been conveyed to her husband in the same deed with the subject property, were mailed to her new address; that her new address appeared on a filed subdivision map; and that notice of the in rem foreclosure was in fact mailed to her at her former address, even though the tax duplicates showed the owner of the subject property as "unknown."
Upon remand, defendant borough may offer proofs in support of the defense of laches, or of failure to institute a proceeding to vacate the in rem foreclosure judgment within a *441 reasonable time, on the part of Carmel Schiafone or of plaintiffs as successors-in-title to her.
We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.