KAHN, J.T.C.
This is the court’s decision with respect to defendant municipality’s motion to dismiss Center for Molecular Medicine and Immunology’s (“taxpayers”) complaint, seeking real estate tax exemption for 1997. The subject property is located at 235 Franklin Avenue, Belleville, New Jersey, Essex County, also known as Block 540, Lot 1.01. The 1997 assessment appealed from is as follows:
Land $ 684,800
Improvements 3,547,100
Total $4,231,900
Taxpayer first filed an appeal to the Essex County Board of Taxation. The County Board dismissed the complaint for late filing pursuant to N.J.S.A. 54:3-21. On July 14, 1997, taxpayer appealed the Essex County Board of Taxation’s judgment to this court.
Taxpayer is a non-profit organization specializing in cancer research. Taxpayer needed additional space to develop a national cancer research program, and searched for facilities larger than their Newark location. Taxpayer found a medical facility in Belleville, which is the subject property. Many public meetings were held with both the representatives of Essex County and defendant municipality. The topics discussed at the meetings included traffic, the impact of the facility on the community, and the tax status of the property. Results of these meetings were the subject of articles in The Star Ledger, Belleville Post, and Belleville Times.
There is no dispute that for 1997, taxpayer did not file an initial statement requesting tax exemption with Belleville’s tax assessor (“assessor”) by November .1, 1996 as required by N.J.S.A. 54:4-4.4. As a result, the subject property was assessed for 1997 at $4,231,900. On December 19, 1996, the assessor published a public notice in the Belleville Post stating that the assessment list for the 1997 tax year was available for inspection pursuant to N.J.S.A. 54:4-38. This list included the assessment of the subject *218 property for tax year 1997. Moreover, the assessor sent a letter to the taxpayer, as required by N.J.S.A. 54:4-38.1, dated January 29, 1997, addressed to the Newark office (1 Bruce Street), assessing the subject property at $4,231,900. Taxpayer claims that no one at the Belleville office received the letter until March 31,1997; the defendant municipality contends, however, that the letter was received in the Newark facility, which served as sufficient notice even if the notice was not sent to the Belleville location. Taxpayer did not file a tax appeal with the Essex County Board of Taxation or the Tax Court of New Jersey prior to April 1,1997, pursuant to N.J.S.A. 54:3-21. While taxpayer did meet with the defendant municipality on May 19, 1997 to discuss them tax status, the 1997 assessment was not changed.
Taxpayer filed an initial statement with the municipality’s assessor on May 28, 1997, with a rider attached explaining that the medical reséareh facility met the criteria under N.J.S.A. 54:4-3.6. In addition, on May 28, 1997, taxpayer filed its appeal contesting the 1997 assessment with the Essex County Board of Taxation. The municipality denied the taxpayer exempt status by letter dated June 2, 1997. Moreover, the Essex County Board of Taxation dismissed taxpayer’s complaint by reason of taxpayer’s failure to file a timely appeal on or before April 1, 1997. On July 14, 1997, taxpayer appealed the Essex County Board judgment to the Tax Court of New Jersey. The defendant municipality moved to dismiss the complaint because taxpayer did not file an appeal by April 1, 1997, pursuant to N.J.S.A. 54:3-21; thereby, depriving the Tax Court of jurisdiction.
The municipality raised the statute of limitation defense because taxpayer did not adhere to the tax appeal deadline pursuant to N.J.S.A. 54:3-21.[1] The statute requires aggrieved *219 taxpayers to file their appeal on or before April 1 of each tax year. A taxpayer can bypass the County Board of Taxation and appeal directly to the Tax Court if the assessment exceeds $750,000. In Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38, 40 (Tax 1982), the court opined that “[c]omplianee with statutory filing requirements is an unqualified jurisdictional imperative, long sanctioned by our courts. [Citations omitted]. Failure to file a timely appeal is a fatal jurisdictional defect. [Citations omitted].” New Jersey policy mandates strict adherence to time limitations for instituting legal actions. See In re Pfizer, 6 N.J. 233, 239, 78 A.2d 80 (1951); Leake v. Bullock, 104 N.J.Super., 309, 313, 250 A.2d 27 (App.Div.1969). The Supreme Court in F.M.C. Stores Co. v. Morris Plains Boro., 100 N.J. 418, 495 A.2d 1313 (1985) held that because the Tax Court was a court of limited jurisdiction, the legislative time parameters regarding the filing of tax appeals must be strictly followed by all parties. In 18 Washington Place Assocs. v. Newark, 8 N.J.Tax 608, 614 (Tax 1986), Judge Crabtree stated:
Other cases hold that the right of appeal in tax cases is purely statutory and that all statutory requirements must be strictly complied with to invest the reviewing tribunal with subject matter jurisdiction. I citations omitted] The rationale underlying this rule was given felicitous, cogent expression by Judge Lario in Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1980):
The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure. Municipal budgets must be finalized not later than the 90th day after the beginning of the budget year. N.J.S.A. 54:4-42. Real estate assessments, which constitute the bulk of a municipality's income, are established as of October 1 of the pretax year. N.J.S.A 54:4-23. Throughout our tax legislation, it is clear that our Legislature has attempted to set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of taxable ratables within its jurisdiction in order that it might adopt a responsible and fairly accurate budget, fat 921.
This salutary exposition of the reasons requiring strict compliance with statutory filing deadlines in property tax cases wuis quoted approvingly by our Supreme Court in F.M.C. Stores Co. v. Morris Plains Boro., 100 N.J. 418, 495 A.2d 1313 (1985).
*220 Also, in St. Michael’s Passionist Monastery v. Union City, 195 N.J.Super., 608, 611, 481 A.2d 304 (App.Div.1984), the Appellate Division confirmed the principle that filing requirements with the Tax Court are the same as the filing requirements with the Hudson County Board of Taxation; in which case, a failure to timely file an appeal with the Hudson County Board of Taxation precluded the plaintiff from appealing to the Tax Court.[2]
Dr. Raymond Menard, Vice-President of Administration at the Center for Molecular Medicine and Immunology, certified that when he received the letter of assessment on March 31, 1997, he did not realize that taxpayer had only 24 hours to file an appeal. Dr. Menard, however, did not certify whether or not taxpayer’s attorneys or accountants were notified of the assessment. Moreover, Dr. Menard asserts that taxpayer relied on defendant municipality’s statements that the subject property was tax exempt, therefoi’e, making it unnecessary for taxpayer to file a tax appeal. There is no affirmative evidence to show, however, that defendant municipality assured taxpayer that the subject property was in fact tax exempt.
Despite taxpayer’s assertion that they relied on public discussions and were ignorant of the appeal deadline, taxpayer is a large, multi-million dollar, non-profit organization that does not lack the ability to secure appropriate legal or financial advice. Taxpayer cannot claim that they were unaware of their right to appeal from said assessment by April 1, 1997. Taxpayer is charged with knowledge of the law and statutory deadlines. Gale Builders, Inc. v. Hunterdon Cty. Bd. of Tax., 8 N.J.Tax 16, 23 (Tax 1985) (dismissing plaintiffs complaint for failure to file a timely appeal because it was the plaintiffs responsibility to contact the assessor if no notice was received); S.J. Assocs. Ltd. v. East Windsor Tp., 8 N.J.Tax 92, 100 (Tax 1985); Mayfair, supra, 4 N.J.Tax at 41. In Venture 17 v. Hasbrouck Heights Boro., 12 N.J.Tax 152 (Tax 1991), the court granted defendant municipali *221 ty’s motion to dismiss the plaintiffs complaint for failure to file a timely appeal. Plaintiff in Venture 17 relocated to several locations, which caused the notice of an added assessment, sent to plaintiffs last known address, to arrive after the appeal deadline.[3] Judge Small stated in his opinion that “taxpayer’s principals were sophisticated and experienced New Jersey real estate investors,” and in light of frequent changes in address and availability of the assessment record, “a prudent taxpayer would have made inquiry of the assessor, the tax collector, or the county board as to whether an added assessment had been made.” Venture 17, supra, 12 N.J.Tax at 155. Furthermore, if the taxpayer, Venture 17, did not receive a notice, “the law provides no relief for this inattentiveness” and the taxpayer should have contacted the defendant municipality regarding any inquiries about their property. Ibid. “If plaintiffs were ignorant of the time requirements for filing an appeal, in addition to researching the appeal procedure, they could have easily secured this information from the county board which readily and frequently renders this information.” Gale Builders, supra, 8 N.J.Tax at 23. In this case, taxpayer relocated to the Belleville facility without informing the assessor of a change in address, which resulted in the delay of taxpayer’s receipt of the notice of assessment at the Belleville location. It is clear that the municipality sent the notice of assessment to the Newark address designated on the official assessment list. Had taxpayer filed the initial statement pursuant to N.J.S.A. 54:4-4.4, the assessor would have known of the Belleville address. The receipt of notice on March 31, 1997 is sufficient notice, and taxpayer’s claim that they were unaware of an assessment is invalid in light of their failure to inquire about said assessment with the defendant municipality.
The letter of assessment was not a violation of due process because proper notice of the assessment was received by taxpayer *222 before the April 1, 1997 deadline. In Brick Tp. v. Block 48-7, Lots 34, 35, 36, 202 N.J.Super., 246, 494 A.2d 829 (App.Div.1985), appeal after remand 210 N.J.Super. 481, 510 A.2d 101 (App.Div.1986), certif. denied 107 N.J. 67, 526 A.2d 151 (1986), cert. denied 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987), the Appellate Division stated:
Due process does not require tax collectors, municipalities and their staffs to examine the tax rolls to search for outdated or incorrect addresses supplied by property owners, or to communicate with property owners to ascertain whether their addresses remain correct. A local professional or business person can not expect more. It is not controlling that the municipality or counsel may have unrelated communication with the taxpayer at an address different from that appearing on the tax rolls.
The New Jersey Supreme Court has clearly ruled that municipalities are not constitutionally required to search out taxpayers in foreclosure suits to see if they have furnished up-to-date addresses. Atlantic City v. Block C-11, Lot 11, 74 N.J. 34, 376 A.2d 926 (1977).
[Brick Tp., supra, 202 N.J.Super. at 252,494 A.2d 829.]
On the other hand, due process is violated when the sender has. actual knowledge that either the address is outdated or, upon receipt .of the undelivered notice, the recipient was available for service. Id. at 254, 494 A.2d 829.
Brick Tp. is distinguishable from this case. Plaintiff in Bnclc Tp. took no further steps to ascertain the whereabouts of the defendant-lawyers after the notice of assessment was returned to the plaintiff. The plaintiff in the same case knew that the defendants could be located by other means, in which case a second attempt to serve the notice of assessment was warranted. As a result, on remand, the trial court in Brick Tp. held that there was a violation of due process because the municipality sent a statutory foreclosure notice knowing that the address was outdated. Brick Tp., supra, 210 N.J.Super., at 484-85, 510 A.2d 101. See also Berkeley Tp. v. Berkeley Shore Water Co., 213 N.J.Super., 524, 532, 517 A.2d 1199 (App.Div.1986) (holding a notice is “constitutionally deficient where it is not directed to known per-. sons in interest in the property to be foreclosed”).[4] In this case, *223 Belleville’s assessor followed proper procedure by sending the notice to the 1 Bruce Street, Newark address listed on the deed, which was reflected on the tax assessment list, and by sending the letter two months before the April 1, 1997 tax appeal deadline. The assessor assumed that there was receipt of the notice of assessment because the letter was not returned to his office. Furthermore, the assessor certified that taxpayer never notified the assessor that taxpayer had vacated their Newark office and utilized the subject property as its home office. The assessor was not required to investigate whether taxpayer’s office was moved from Newark to Belleville, nor did the assessor have actual knowledge that the Newark address was outdated.
Therefore, in accordance with the holding in Brick Tp., the notice dated January 29, 1997, which was received by taxpayer on March 31, 1997, was sufficient and did not violate taxpayer’s constitutional right to due process.
Taxpayer argues that reliance on the municipality’s statements regarding the tax status of the subject property estops the defendant from raising the statute of limitations defense. Taxpayer relies on an unreported Appellate Division opinion, in support of its contention that Belleville is estopped from raising the statute of limitations defense. That decision is significantly different from the present case because this case does not provide a basis for the application of the equitable doctrine of estoppel.
 To begin with, the doctrine of estoppel is usually not applied against the State, its counties, and its municipal corporations, as it is applied against individuals and private entities. Gale Builders, Inc. v. Hunterdon Cty. Bd. of Tax., supra, 8 N.J.Tax at 22. In the case of collection of taxes by a public agency, the application of the doctrine of estoppel is inappropriate unless there are unusual circumstances. Ibid. In order for taxpayer to estop the defendant municipality from claiming a statute of limitations defense, taxpayer must show the following:
the party against whom estoppel is urged has made a representation of or concealed material facts inconsistent with his present claim, when he knew or should have known the facts to be otherwise, with the intent to influence the *224 conduct of another, and that the party to whom the representation was made was ignorant of the facts, had no convenient opportunity to ascertain them, and relied thereon in good faith and was thereby prejudiced.
[Id. at 22-23.]
Taxpayer failed to establish sufficient facts to support the application of the doctrine of estoppel against the municipality in this case. The defendant-municipality's motion is hereby granted; plaintiff-taxpayer’s complaint is therefore dismissed.

 The defendant municipality argued that the receipt of the letter of assessment, if considered as a change in assessment, would allow taxpayer to have an additional 45 days to file an appeal from the date of receipt (March 31, 1998) pursuant to N.J.S.A. 54:3-21. Therefore, taxpayer had an opportunity to file a timely appeal by May 15, 1997 (45 days after the receipt of assessment) and taxpayer's failure to do so should not bar the municipality from asserting a *219 statute of limitations defense. This court finds that portion of said statute does not apply here because the January 29, 1997 letter is the first and only assessment for 1997, and it was not a change in assessment.

 While 18 Washington Place Associates v. City of Newark, 8 N.J.Tax 608 (Tax 1986) declined to follow St. Michael’s Passionist Monastery, the necessity of strict compliance with statutory filing requirements was maintained.

 Taxpayer, Venture 17, notified the defendant municipality’s assessor of the change in address one week after the added assessments were mailed out. As a result, the assessment was sent to taxpayer’s originally listed address, delaying the receipt of the added assessment.

 While the aforementioned case applies to foreclosure proceedings, the Tax Court has applied its holding to the notice requirement in tax appeal proceedings. Family Realty Co. v. Secaucus Town, 16 N.J.Tax 185, 192-93 (Tax 1996).