NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax:  (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

September 6, 2018

Daniel & Debra Koval
Self-Represented
Neptune, NJ 07753

Matthew Erickson, DAG
Deputy Attorney General
RJ Hughes Justice Complex, P.O. Box 106
25 Market Street
Trenton, New Jersey 08625

Re:    Daniel & Debra Koval v. Dir., Div. of Taxation
Docket No. 009225-2018

Dear Counsel and Mr. & Mrs. Koval:

This is the court's opinion with respect to plaintiffs' complaint seeking reversal of the denial of their claim for Property Tax Reimbursement ("PTR") for tax years 2014-2016 by defendant ("Taxation").  The denial was based on Taxation's determination that plaintiffs' filed their application for the PTR after the due date.

Plaintiffs contend that they did not know about PTR benefit, and that once Mr. Koval was informed by the tax collector in October of 2017 that they were entitled to the same due to Mr. Koval's age and disability, Mr. Koval filed PTR applications for tax years 2012 through 2016. They also argue that Mr. Koval had suffered serious medical issues in 2012, which prevented them from being able to file the PTR applications on time.

*

The court affirms Taxation's denial of PTR for 2014-2016, the tax years in the challenged final determination. The PTR law requires that applications are filed by the due date. Unfortunately, not knowing about eligibility for the PTR is not good cause to extend the deadline. Additionally, even if the court were to consider Mr. Koval's medical issues in 2012, the PTR applications for tax years 2014-2016 were not due in 2012 or even 2013, and there was nothing to show that Mrs. Koval was unable to file the PTR applications after 2013.

**FACTS**

Plaintiffs, Debra and Daniel Koval, reside at their home ("Subject"), located in the Township of Neptune. Until January 2013, the Subject was owned by Debra Koval and her mother as joint tenants. By deed dated January 24, 2013, the Subject was transferred to Debra Koval, and Mrs. Koval has remained sole owner since then.

In early 2012, Mr. Koval suffered serious and several heart issues requiring multiple surgeries, recovery in the intensive care unit, and rehabilitation.[1] During this time, he stated that he was cared for by his wife, who, Mr. Koval claimed, took time off from work to do so.[2] However, in 2013 and then onwards, his needs were also attended to by a home health aide, as well as other members of his family, while Mrs. Koval worked full-time, and that after returning from work, Mrs. Koval prepared his dinner and attended to him. While Mrs. Koval paid all the bills, Mr. Koval had automated this process so that monthly recurring expenses would be

---

[1] A doctor's note dated May 3, 2018, stated that due to his medical issues, Mr. Koval "is disabled and requires a lot of care from his wife (Debra Koval)." Another prescription note dated May 10, 2018, states that Mr. Koval is "medically disabled and cognitively impaired" since his cardiac arrest in March of 2012.

[2] Mrs. Koval did not appear for trial.

electronically set up for payment, thus, all Mrs. Koval had to do was electronically send the same, except for the mortgage payments, which she manually paid.

Plaintiffs' income tax returns for tax years 2012 through 2016, were filed by their accountants. Each year, the returns were timely filed. Additionally, for each tax year 2011 to 2015, plaintiffs filed (electronically or via telephone), applications for the SAVER rebate much before their due dates.[3] Mr. Koval claimed this was so because they knew of the SAVER rebate, having received applications from Taxation in this regard, unlike the PTR program of which they were neither aware nor notified by Taxation. Had they been advised of the PTR benefits, he stated, they would have promptly applied for the same.

In October of 2017, during a visit to the local property tax office, Mr. Koval inquired whether as a disabled person, he could receive some benefit from local property taxes. He was apparently then advised by the tax collector of the PTR program. Over a five month period, Mr. Koval filed the PTR for tax years 2012-2016. Each of the filings was after the required deadline.[4]

By letter dated January 20, 2018, Mrs. Koval responded to Taxation's "notices" dated January 12, 2018, pertaining to plaintiffs' PTR applications for tax years 2014-2016. She stated that she was unaware that she was eligible to receive PTR benefit due to Mr. Koval's disability until 2017. She stated that Mr. Koval has been ill since 2002 and that she was working full-time

---

[3]  A SAVER rebate is a benefit similar to the PTR to offset some portion of the local property tax paid on a taxpayer's home.

[4]  Plaintiffs filed PTR applications for 2014 and 2015 on November 22, 2017. These were due October 15, 2015 and October 17, 2016 respectively. They filed a PTR application for tax year 2016 on January 9, 2018. This was due October 18, 2017. They filed a PTR application for 2013 on February 20, 2018. This was due September 15, 2014. Finally, they filed a PTR application for 2012 on April 4, 2018. This was due September 16, 2013.

3

in addition to taking care of him, which "totally preoccupied" her. She included medical records to substantiate Mr. Koval's surgeries, and requested an informal hearing as to tax years 2014-2016.

By letter dated January 26, 2018, Taxation advised plaintiffs that it was denying their 2014 and 2015 PTR applications because they were untimely filed, and further since there was no documentation substantiating illness or incapacity "from the due date of the application through" November 22, 2017, the date the PTR applications were filed, or how the same prevented the ability to carry on day-to-day activities. Taxation noted that despite the denial, 2013 will be deemed the base year for future filings.[5]

After a conference, Taxation issued a final determination dated May 18, 2018, denying plaintiffs' PTR application for tax years 2014-2016 because they were untimely filed. Taxation also recited the provisions of N.J.S.A. 54:4-8.62(a) which provide when application deadlines can be extended. Plaintiffs timely appealed this determination.

**ANALYSIS**

Plaintiffs argue that they should receive the PTR benefits because (1) they did not know of their eligibility for PTR benefits, (2) Mr. Koval's medical condition in 2012 excused them from their untimely filing, and (3) Taxation ought to have advised plaintiffs that they were eligible for PTR benefits because their tax returns reported Mr. Koval as being over 65 and disabled. Taxation refutes these arguments, and notes that, while it has no obligation to notify plaintiffs of the PTR law, its instructions accompanying the gross income tax returns explain in detail the PTR law and the conditions required to receive this benefit.

---

[5] During trial, Taxation stated that it would deem 2011 as the base year.

The PTR program is authorized by N.J.S.A 54:4-8.67 to provide local property tax relief to seniors and other qualified property owners. A PTR is available to a person who satisfies the age, ownership, income, and residency eligibility requirements. Ibid. (defining the term "eligible applicant"). The program "provides to senior citizens a means of relief from rising property taxes by 'freezing' their property taxes at the amount paid in the base year." Howard v. Dir., Div. of Taxation, 26 N.J. Tax 308, 316 (Tax 2012). The base year is when a taxpayer first becomes an eligible claimant. N.J.S.A. 54:4-8.67.

To qualify for the PTR, an eligible taxpayer must timely file the PTR applications. N.J.S.A. 54:4-8.70. The statute does not allow for any relaxation of the filing deadline, and does not contain a good cause provision that would allow Taxation the discretion to permit an applicant to apply after the filing deadline. However, Taxation has read N.J.S.A. 54:4-8.62(a) to incorporate the good cause provision therein to N.J.S.A. 54:4-8.70 when an applicant was unable to file the claim by the date because of illness or hospitalization, or there is evidence that the applicant attempted to file a timely application, as is evident from Taxation's final determination issued to plaintiffs. Further, to show that there is good cause to extend the deadline for application for the PTR, the "applicant shall provide to [Taxation] either medical evidence, such as a doctor's certification, that the claimant was unable to file the claim by the date prescribed by the director because of illness or hospitalization, or evidence that the applicant attempted to file a timely application." N.J.S.A. 54:4-8.62(a).

It is undisputed that that during 2012, Mr. Koval underwent serious health issues requiring surgery, hospitalization, and rehabilitation, and became physically disabled as a result. The court is willing to accept that during 2012, neither plaintiff would have been able to timely file a PTR application due to Mr. Koval's condition, and thus, would have excused the untimely filing of an

application due in 2012. The problem here however is two-fold. First, the PTR applications were not timely filed because plaintiffs had no knowledge of their eligibility for the PTR program before 2017. As a result, even had Mr. Koval not been ill during this time, plaintiffs would not have timely filed for the PTR because they had no knowledge that it existed.

Every person "is chargeable with knowledge of the law," and is expected to exercise a reasonable degree of prudence to ensure compliance with statutory deadlines. See Mayfair Holding Corp. v. Twp. of North Bergen, 4 N.J. Tax 38, 41 (Tax 1982) (citation omitted). See also State v. Lisa, 391 N.J. Super. 556, 579 (App. Div. 2007) ("[I]gnorance of the law is no defense."). Thus, the good cause exception for untimely filing of a PTR application is not established due to professed ignorance of the PTR law. Note that the statute specifically states that "[g]ood cause [is] not established" where a taxpayer claims not to have received the benefit application. N.J.S.A. 54:4-8.62(a). Thus, plaintiffs cannot blame Taxation for their ignorance of the law, or for their accountants' failure to advise them of the PTR eligibility.

Second, even if the court were to consider medical issues as being "good cause," it has no proof to assist it in this regard. The court is deciding the validity of Taxation's final determination before it, and this determination addressed only tax years 2014-2016. The due date for the PTR applications for those tax years was much after 2012 (as was the due date for the 2012 or 2013 PTR applications). The court does not have any proof before it that during mid-to late 2013 and thereafter, Mrs. Koval was prevented from her daily activities. She attended her full time employment. Although Mr. Koval set up automatic electronic payments for monthly expenses, Mrs. Koval still made sure they were timely sent, including the mortgage payments. Further, plaintiffs filed their tax returns jointly. They filed the SAVER rebates timely. These filings, each year, and on a timely basis, indicates that plaintiffs, or Mrs. Koval, likely would have been able to

apply for the PTR as well. Thus, the court is unpersuaded that Mrs. Koval was "totally preoccupied" with and attending to Mr. Koval's medical needs which rendered her with no time to file a PTR application.

**CONCLUSION**

For the aforementioned reasons, Taxation's final determination denying plaintiffs' a PTR for tax years 2014-2016 is hereby affirmed.[6] An Order and Final Judgment reflecting this decision accompanies this opinion.

Very truly yours,

Mala Sundar, J.T.C.

---

[6] As noted above, Taxation agreed that plaintiffs' base year for purposes of future PTR filings, is 2011. See supra note 5.