TAX COURT OF NEW JERSEY



**MICHAEL J. DUFFY**
**JUDGE**

Dr. Martin Luther King Jr. Justice Building
495 MLK Boulevard, 4th Floor
Newark, New Jersey 07102-0690
(609) 815-2922  Ext. 54580

October 18, 2023

Vincent Bullaro, *pro se*
5169 Berkshire Valley Road
Oak Ridge, New Jersey 07438

Lawrence P. Cohen, Esquire
Lavery, Selvaggi, Abromitis & Cohen, P.C.
1001 Route 517
Hackettstown, New Jersey 07840

     Re:    <u>Vincent Bullaro v. Jefferson Township</u>
             Docket No. 011008-2021

Dear Mr. Bullaro and Mr. Cohen:

This letter shall constitute the court's opinion in connection with its order to show cause why the Complaint should not be dismissed as untimely, pursuant to N.J.S.A. 54:51A-9. Plaintiff Vincent Bullaro filed written opposition on July 17, 2023, and a hearing was held on September 12, 2023, in which plaintiff testified. For the reasons stated herein, the Complaint is dismissed.

<u>Procedural History</u>

For tax year 2020, plaintiff filed appeals with the Morris County Board of Taxation for three properties located in Jefferson Township: Block 357, Lot 1; Block 364, Lot 9; and Block 336, Lot 42. On July 23, 2020, the county board issued a judgment for each property and upheld the assessments. Each judgment included a judgment code, "5C Taxes/munc. charges not paid." The county board judgments were mailed to plaintiff on July 27, 2020.






On July 13, 2021, plaintiff filed a Complaint with the Tax Court, contesting the July 2020, county board judgments. The pleading is dated "8/5/20" and includes a handwritten note from plaintiff, which reads:

> I talked to Ashley – Recommended I [resend] my tax appeal – Have not hear anything from [the Tax Court]. [Had] to contact anyone for help. Thank you.

Plaintiff did not include a proof of service for the Complaint, pursuant to R. 8:5-5, or the required filing fee, pursuant to R. 8:12. On July 20, 2021, the Tax Court returned the deficient pleading to plaintiff, pursuant to R. 1:5-6(c). On January 3, 2022, the Tax Court dismissed the Complaint. A year later, on January 4, 2023, the court received a letter from plaintiff asking that the case be reopened. In his letter, plaintiff explained that the "fee was not provided [due] to a misunderstanding with court staff" and advised that he "was working with tax assessor and recommended I reopen [the] matter." The fee was paid on January 5, 2023, and the Complaint reinstated on January 6, 2023.[1]

On June 14, 2023, this court entered an order to show cause why the Complaint should not be dismissed for lack of jurisdiction as untimely filed. On July 17, 2023, plaintiff filed written opposition to the order to show cause. Notably, plaintiff wrote that he originally mailed a complaint on August 5, 2020, and contacted the Tax Court because his check went uncashed. In his letter, plaintiff writes that after learning that the court did not have his appeal, he "copied and sent original receipt from [the United States Post Office]" to the Tax Court, which plaintiff asserts was around July 13, 2021.

---

[1] On April 14, 2023, the parties attempted to file a stipulation of settlement. On April 17, 2023, counsel for defendant was notified by the court that the stipulation of settlement was deficient.

At the hearing, plaintiff argued that it was unfair to dismiss his complaint at such a late date and that the court should show leniency. Plaintiff was unable to provide the court with a copy of the postal service receipt, since plaintiff alleges he lost his file of records pertaining to this litigation.

Analysis

N.J.S.A. 54:51A-9 provides, in part, that a "complaint seeking review of adjudication or judgment of the county board of taxation shall be filed within 45 days of the service of the judgment." N.J.S.A. 54:51A-9(a). "Service of the judgment of the County Board of Taxation, when by mail, shall be deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3." R. 8:4-1(a)(2). For the period at issue, court rules allowed an additional 3 days for service by ordinary mail. R. 1:3-3 (2020).[2]

In this case, plaintiff had forty-eight (48) days to file an appeal with the Tax Court from July 27, 2020, the date the county board judgments were mailed.[3] The appeal period end date fell on Sunday, September 13, 2020, but was extended by court rule to Monday, September 14, 2020. R. 1:3-1. To be timely, the Complaint had to be filed, not merely postmarked, on or before September 14, 2020. Mayfair Holding Corp. v. Twp. of North Bergen, 4 N.J. Tax 38, 40 (Tax 1982)(citing Prospect Hill Apts. V. Borough of Flemington, 1 N.J. Tax 224, 226 (Tax 1979)).

The statutory scheme establishing this court's jurisdiction is "one with which continuing strict and unerring compliance must be observed." McMahon v. City of Newark, 195 N.J. 526,

---

[2] Effective April 1, 2022, R. 1:3-3 was amended to allow an additional 5 days for service by ordinary mail.

[3] Due to the COVID-19 pandemic, the appeal deadline for local property tax cases for tax year 2020 was extended to July 1, 2020. O'Connell v. Tp. of Neptune, 32 N.J. 1 (2020). Since the COVID-19 extension period expired prior to the county board judgments herein, the standard 45 days + 3 days filing deadline is applicable here.

543 (2008). Strict adherence to statutory filing deadlines is of particular concern in tax matters, given "the exigencies of taxation and the administration of local government." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424 (1985). Thus, "[f]ailure to file a timely appeal is a fatal jurisdictional defect." Id. at 425. A Complaint that is even one day late must be dismissed for lack of jurisdiction. Prospect Hill Apts., supra, 1 N.J. Tax at 226.

The court has no record of a Complaint filed by plaintiff on or about August 5, 2020. In addition, the court has no record of ever receiving plaintiff's post office receipt, which plaintiff asserts was mailed to the court in July 2021. The Complaint filed on July 13, 2021, but dated "8/5/20," is insufficient proof of an August 2020 filing. Moreover, the fact that plaintiff concedes that his initial check went uncashed, only supports this court's finding that it did not receive a timely complaint. The only Complaint received by the court was received and filed on July 13, 2021, and is untimely under N.J.S.A. 54:51A-9. This court does not have any discretion to extend the appeal period by even one day.

## Conclusion

For the aforementioned reasons, plaintiff's complaint is dismissed as untimely. Judgment reflecting this memorandum opinion will be entered accordingly.

Very truly yours,


Hon. Michael J. Duffy, J.T.C.

4