41 N.J. Super. 381 (1956)
125 A.2d 309
GIBRALTAR FACTORS CORPORATION, PLAINTIFF-APPELLANT,
v.
WILLIAM SLAPO, DEFENDANT-RESPONDENT, AND DAVID COHN, ESCROWEE.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1956.
Decided September 5, 1956.
*383 Before Judges EWART, GRIMSHAW and PINDAR.
Mr. George H. Rosenstein argued the cause for appellant (Mr. Thomas A. O'Callaghan on the brief).
Mr. David Cohn argued the cause for respondents (Messrs. Albert L. Cohn and George K. Reidy on the brief).
The opinion of the court was delivered by GRIMSHAW, J.S.C. (temporarily assigned).
The sole question raised by this appeal is the constitutionality of N.J.S. 2A:44-166, which statute appellant claims deprives it of its property without due process of law, in violation of section I of the Fourteenth Amendment to the Federal Constitution and Article I, Section I of the New Jersey Constitution. In brief, the statute gives to a rentor a lien for unpaid rent for a period of not more than six months, on the machinery and other chattels of the rentee, and directs that this lien shall be paramount to and have priority over any title, lien, interest, mortgage, judgment or other encumbrance created or acquired after the machinery or other chattels are placed in the rented premises. A "rentor" is defined as one who rents a mill, factory or loft to another for manufacturing purposes. A "rentee" is defined as the one who rents the space.
The facts are not in dispute.
About July 1, 1954 the defendant Dura Plaque leased from the defendant Slapo premises in West Paterson, and went into occupancy. Thereafter, on September 7, 1954, the plaintiff Gibraltar Factors lent Dura Plaque $2,000, secured by a chattel mortgage. Dura Plaque defaulted and Gibraltar foreclosed on the machinery covered by the mortgage. Slapo, at the same time, asserted a lien against the machinery for six months' unpaid rent in the amount of $900. By agreement between Gibraltar and Slapo the foreclosure sale was held in March of 1955, and the sum of $833 was realized. That amount was deposited with Slapo's attorney, pending a determination of the respective rights of Gibraltar and Slapo.
*384 Gibraltar instituted suit in the county district court. Both Gibraltar and Slapo moved for summary judgment. At the argument the court granted Slapo's motion and denied that of Gibraltar. Gibraltar appealed.
It argues here that the statute is unconstitutional in that it fails to provide for notice to it of the landlord's lien for rent falling due subsequent to the recording of the chattel mortgage. We consider this contention to be without merit.
There is a presumption that a statute is constitutional and it will not be declared unconstitutional unless its repugnance to the Constitution is so manifest as to leave no room for reasonable doubt. Reingold v. Harper, 6 N.J. 182 (1951); Magierowski v. Buckley, 39 N.J. Super. 534 (App. Div. 1956). Also it is elementary that all persons are conclusively presumed to know the law of the land, and ignorance thereof excuses no one. The law is a silent factor in every contract and the parties are presumed to have contracted with reference to it. Silverstein v. Keane, 19 N.J. 1 (1955).
The statute in question was made part of the body of the law long before plaintiff made its loan and Dura Plaque executed the chattel mortgage. The plaintiff being chargeable with notice of what the statute contains could have protected itself by requiring the production of monthly rent receipts by the mortgagor. It failed to do so and must take the consequences.
We are of the opinion that the statute is constitutional.
Affirmed.