AXELRAD, J.T.C.
Aetna Burglar & Fire Alarm Corporation (“Aetna”), a New Jersey corporation, appeals from a sales tax deficiency assessment in the amount of $19,926.46, plus interest, imposed on its receipts from the installation, servicing and monitoring of fire and burglar alarm systems located in New Jersey, for the period of July 1, 1991 through June 30, 1994. During that time Aetna did not collect or remit any sales tax.
The parties filed cross motions for partial summary judgment on the issue of whether the services performed by taxpayer are “telecommunications” within the meaning of N.J.S.A. 54:32B-2(cc), and, if so, are subject to sales tax pursuant to N.J.S.A. 54:32B-3. For the purposes of these motions, the parties have stipulated to the following facts about the services provided by Aetna:
a) Among other services, Aetna monitors burglar and fire alarm systems installed at various New Jersey residences and businesses.
b) The systems are connected to a master panel at the customer’s location and linked to the customer’s existing telephone service.
*586 c) Aetna does not install or provide telephone service at its customer’s location.
d) When an alarm is activated, the panel seizes the telephone line and electronically initiates a telephone call which sends a message to a computer at a central station located in Pennsylvania.
e) Once an electronic message is received, the person monitoring the computer telephones the relevant Aetna customer to determine if an emergency actually exists and, if necessary, telephones the appropriate emergency services authority and contact persons requested by the customer.
f) Aetna bills its customers for alarm monitoring services at a flat monthly rate, not on the basis of the number of alarm signals transmitted to the central station or for any telephone calls made by or in response to the Aetna alarm.
g) Aetna also provides “opening and dosing” services to a number of its commercial customers. “Opening and dosing” services allow the panel of the customer’s burglar alarm system to transmit an electronic message via telephone to the Pennsylvania central station on a regular basis when the location is unlocked or secured. The service can include a phone call to the customer, if the location is not opened or closed by a specified time each day.
Services are subject to sales tax only if enumerated in N.J.S.A. 54:32B-3(b)-3(f). Newman v. Director, Div. of Taxation, 14 N.J.Tax 313, 316 (1994), aff'd, 15 N.J.Tax 228 (App.Div.1995). Application of New Jersey sales tax to “telecommunications” and “all services ... provided in connection therewith” was accomplished through the 1990 amendments to N.J.S.A. 54:32B-2 and - 3. L.1990, c. 40. N.J.S.A. 54:32B-3(f) specifically provides for a tax on “[t]he receipts from every sale, except for resale, of intrastate or interstate telecommunications charged to an address in this State, regardless of where the services are billed or paid” (emphasis added).
“Telecommunications” are defined in N.J.S.A. 54:32B-2(cc) as:
... the act or privilege of originating or receiving messages or information through the use of any kind of one-way or two-way communication; including but not limited to voice, video, facsimile, teletypewriter, computer, cellular mobile or portable telephone, specialized mobile or portable pager or paging service, or any other type of communication; using electronic or electromagnetic methods, and all services and equipment provided in connection therewith or by means thereof.
The statute goes on to define “interstate communication” as that which either originates or terminates inside the State, and “intrastate communication” as that which originates and terminates within the State. N.J.S.A. 54:32B-2(dd) and (ee).
In construing a statute, the court must first consider its plain language. Where the words of a statute are clear and their *587 meaning and application plain and unambiguous, there is no reason for judicial construction. Board of Educ. v. Neptune Tp. Educ. Ass’n, 144 N.J. 16, 25, 675 A.2d 611 (1996); Cumberland Holding Corp. v. Vineland City, 11 N.J.Tax 457, 462 (1991); Sutherland, Statutory Construction, Sec. 46.01 (5th ed. 1992). The language of the statutes at issue is clear. They expressly tax those services provided in connection with or by means of “telecommunications.” N.J.S.A. 54:32B-2 and -3. Since burglar and fire alarm systems are not specifically enumerated, however, the court must determine whether such services fall within the definition of “telecommunications.”
Aetna asserts that the definition of “telecommunications” is ambiguous and, as such, any uncertainty in statutes levying taxes should be construed in favor of the taxpayer. Fedders Financial Corp. v. Director, Div. of Taxation, 96 N.J. 376, 385, 476 A.2d 741 (1984). The court finds that the statute is not unclear or of doubtful meaning. Amerada Hess Corp. v. Director, Div. of Taxation, 107 N.J. 307, 319, 526 A.2d 1029 (1987), aff'd, 490 U.S. 66, 109 S.Ct. 1617, 104 L.Ed.2d 58 (1989).
The court must look to the statutory language and the nature of the services provided by Aetna to determine whether they fall within the penumbra of services taxable under N.J.S.A. 54:32B-3. In N.J.S.A. 54:34B-2(cc) the Legislature chose to specifically enumerate only five narrow exclusions to its definition of telecommunications. N.J.S.A. 54:32B-2(cc)(1)-2(cc)(5). The monitoring of burglar and fire alarm systems is not among these exclusions. On the other hand, the use of the phrase “including but not limited to” in addressing those services which are taxable suggests that the Legislature intended to include a broad spectrum of services in which telecommunications is a direct, significant, indispensable component, and not merely incidental to the service provided by taxpayer. “The word ‘includes’ is usually a term of enlargement, and not of limitation ... It, therefore, conveys the conclusion that there are other items includable, though not specifically enumerated [by the statutes] . . . .” Mayor and Bd. of Aldermen of Boonton v. Drew Chem. Corp., 621 *588 F.Supp. 663, 666 (D.N.J.1985) (quoting Singer, N., 24 Statutes and Statutory Construction § 47.07 (4th ed. 1984) (citations omitted)). The monitoring of burglar and fire alarms by means of a two-way method of electronic communication is unquestionably provided in connection with and by means of “telecommunications” and included in the scope of the statute because the service provided is clearly dependent upon telecommunications. As such, receipts from the provision of those services are subject to New Jersey sales tax.
Aetna admits that the service it provides is initiated by information conveyed via a telephone call and is performed over the telephone, but Aetna suggests that in order for a service to be taxable pursuant to N.J.S.A. 54:32B-3, it must be related to receipts charged for the act or privilege of originating or receiving electronic messages. According to Aetna, since it charges a fiat monthly monitoring fee, rather than a charge per call, the use of the telephone is incidental to the service provided and, as such, is not subject to taxation. Neither law nor logic supports this argument. Aetna’s burglar and fire alarm systems are connected to the customer’s existing telephone service and when activated, use the phones to transmit an electronic message to a central station where it is relayed by an employee of Aetna via phone to an emergency authority and contact person. It is apparent that Aetna is relying upon telecommunications to provide its monitoring service. Absent the ability to notify the central station of an intruder, fire, or other emergency, an Aetna alarm would be worthless. The value of any monitoring system lies in its ability to communicate a message by telephone in the event of an emergency. As such, the use of the phone is a direct, significant and indispensable component of the burglar and fire alarm monitoring service, falling within the purview of N.J.S.A. 54:32B-3.
Similarly, the Director has consistently interpreted “telecommunications” to include telephone answering services. 25 New Jersey State Tax News, 9 (Winter/1996). These types of services are no different than paging services which are specifically enumerated as taxable within the statute. Customers pay a flat fee for the *589 service whether or not they receive any messages during the billing period. Like telephone answering and paging services, the value of alarm monitoring services lies in the ability to receive messages or information through the phone lines. The providers’ inability to “originate or receive messages” via the phone lines would render the service useless.
Moreover, in interpreting the Act, the Director has taken the position that burglar and fire alarm monitoring services are subject to sales tax. In the July/August 1991 edition of the New Jersey State Tax News, a bi-monthly newsletter, the Director issued the statement that “[a]s of July 1,1990, alarm monitoring is subject to tax for New Jersey service addresses.” 20 New Jersey State Tax News 80-81 (July/Aug.1991) (emphasis omitted). Again on June 15, 1994, in a Taxpayer Information Services Memorandum, the Director announced the applicability of the sales and use tax to such services, stating that “[a]larm [mjonitoring [sjervices are taxable as telecommunications.” [cite] Courts have recognized the Director’s expertise in the highly specialized and technical area of taxation. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). Consequently, the Director’s construction of the operative law, which is not plainly unreasonable and with which the Legislature has not interfered, is entitled to prevail. Id.; Vavoulakis v. Director, Div. of Taxation, 12 N.J.Tax 318, 332 (1992), aff'd, 13 N.J.Tax 322 (App.Div.1993). In this case, the Director’s interpretation is not unreasonable and is consistent with the language and probable legislative intent of N.J.S.A. 54:32B-2 and -3. Thus, it should prevail.
Additionally, Aetna argues if N.J.S.A. 54:32B-2 and -3 are interpreted as subjecting its monitoring service to taxation, that would constitute “impermissible double taxation.” According to Aetna, its customers’ use of the existing telephone service is being taxed twice — once when the telephone company provides the service and again when the phone line is used or available for use in connection with the monitoring service.
*590 Double taxation is not ipso facto prohibited. Double taxation, in the objectionable sense, exists only when there is imposition of the same tax, during the same taxing period, by the same sovereign, upon the same subject matter. Gritzmacher v. Director, Div. Of Taxation, 2 N.J.Tax 489, 493 (1981), citing 84 C.J.S. Taxation § 39 (1954). Since two separate and distinct transactions are subject to tax in the case at bar, double taxation is not present. When Aetna’s customers are taxed on the service provided by the telephone company, they are being taxed with respect to their ability to use that service to place and receive phone calls. When Aetna’s customers are taxed on the service provided by Aetna, they are being taxed with respect to their ability to have their homes or businesses monitored for burglary and fire. The fact that the service provided by Aetna requires the use of the customers’ phone lines is irrelevant to the issue of double taxation. As such, taxation of the subject burglar and fire alarm services does not constitute impermissible double taxation under N.J.S.A. 54:32B-3.
Director’s motion for partial summary judgment is granted. Director’s final determination assessing sales tax against Aetna is affirmed to the extent that it concludes that the burglar and fire alarm monitoring services provided by Aetna are subject to sales tax pursuant to N.J.S.A. 54:32B-3. The court will schedule a trial to determine whether the amount of tax assessed by the Director was correct.