KAHN, J.T.C.
This is the court’s opinion on the parties’ cross-motions for summary judgment regarding the taxability of burglar alarm monitoring systems. The issue of taxability is twofold: whether such systems are subject to the New Jersey Sales and Use Tax if transmitted through telephone communications pursuant to N.J.S.A. 54:32B-2 and 3; and if so, whether taxpayer can avoid its obligation to remit sales tax because the Director did not provide taxpayer with individualized notice of the amended tax statute.
The parties stipulated the following facts. Plaintiff is a New Jersey corporation with its principal place of business in Bergen-field, New Jersey. Plaintiff provides central office guard services by monitoring alarm systems installed and connected to existing telephone service at the customer’s location. However, plaintiff does not install or provide telephone service at its consumer, locations. Such alarm systems are calibrated to detect a break in the circuitry. When activated, the alarm system seizes the telephone line, disconnects other phones at the protected location, and electronically initiates a telephone call to plaintiffs office that transmits electronic messages regarding the detection. Once the electronic message is received, plaintiffs employee telephones the customer, evaluates the genuineness of the alarm, and if necessary, contacts the appropriate authorities. Plaintiff bills customers a flat monthly rate.
In the New Jersey State Tax News, (Jan./Feb.1982), the Division of Taxation published its interpretation of the sales and use tax laws. With respect to central station alarm systems, the Division of Taxation stated:
In a central station alarm system where the burglar alarm company transfers the ownership of the burglar alarm equipment to the customer, there is a sale of such *498 equipment which is subject to the sales or use tax. Here again, the charges to the customer for central station alarm system guard and protective services are for personal services and not subject to the tax.
New Jersey State Tax News 5 (1982)
Thus, plaintiff was not required to collect sales and use tax from consumers at that time.
On July 1,1990, L. 1990 c. 40 amended N.J.S.A. 54:32B-2 and - 3 by expanding the tax’s application to telecommunications so as to include “all services and equipment provided in connection with or by means of’ telecommunications. N.J.S.A 54:32B-2 (cc) defines “telecommunications” as
... the act or privilege of originating or receiving messages or information through the use of any kind of one-way or two-way communication; including but not limited to voice, video, facsimile, teletypewriter, computer, cellular mobile or portable telephone, specialized mobile or portable pager or paging service, or any other type of communication; using electronic or electromagnetic methods, and all services and equipment provided in connection therewith or by means thereof.
Furthermore, N.J.SA 54:32B-2 (cc)(l)-(5) excludes from “telecommunications”
(1) one-way radio or television broadcasting transmissions available universally to the general public without a fee;
(2) purchases of telecommunications by a telecommunications provider for use as a component part of telecommunications provided to an ultimate retail consumer who (v.c.) originates or terminates the taxable end-to-end communications or (vc) pays charges exempt from taxation pursuant to paragraph (5) of this subsection;
(3) services provided by a person, or by that person’s wholly owned subsidiary, not engaged in the business of rendering or offering telecommunications services to the public, for private and exclusive use within its organization, provided however, that "telecommunications” shall included the sale of telecommunications services attributable to the excess unused telecommunications capacity of that person to another;
(4) charges in the nature of subscription fees paid by subscribers for.cable television service; and
(5) charges subject to the local calling rate paid by inserting coins into a coin operated telecommunications device available to the public.
On or about the time of the amendment’s enactment, the Division of Taxation issued a special notice to all sales and use tax vendors concerning these changes in the sales and use tax law. Special Notice To All Sales And Use Tax Vendors, Division of Taxation, July 1, 1990. This notice defined “telecommunications” as articulated in N.J.S.A. 54:32B-2(cc) but paraphrased the exclusions therefrom as follows:
*499 The following telecommunications services are not taxable:
* One-way radio and television broadcasts available to the general public without a fee
cable television subscription charges
- telecommunications carrier access purchased for resale
' news media services
[Id. at 2.]
In 20 New Jersey State Tax News, 80-81 (July/Aug.1991), the Division of Taxation published its interpretation of the above amendments and specifically stated that alarm monitoring services are “subject to tax for New Jersey Service addresses.” From July 1, 1990 to June 80, 1993, plaintiff did not collect sales tax on receipts from burglar alarm monitoring systems. On September 29, 1993, the Director issued a notice of assessment arising from an audit of plaintiffs sales records. After receiving said notice, plaintiff filed a protest. The parties subsequently held a conference regarding the assessment. After that conference, the Director issued a final determination against plaintiff for sales tax and interest. Pursuant to the 1996 Tax Amnesty program, plaintiff applied for amnesty with respect to sales taxes due and payable from August 1, 1991 through June 30, 1993. Amnesty was granted; all that remains in dispute is the taxability of plaintiffs sales between July 1,1990 to July 31,1991. The amount at issue is approximately $144,480.30, on which interest continues to accrue.
The Division of Taxation moves for summary judgment on the basis that the 1990 legislative expansion of the New Jersey Sales and Use Tax applies to burglar alarm monitoring services. See Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J. Tax 584, 587 (Tax 1997) (holding That the 1990 amendment’s language is unambiguous in its intention to apply the sales tax to alarm monitoring services carried through telephone communications,). In addition, the Division disputes taxpayer’s claim That it was entitled to special notice from the Director regarding each change in the sales tax because it would be overly burdensome. Furthermore, the Division contends that estoppel cannot be applied in this case because it is rarely invoked against a public *500 entity. See Dept. of Environmental Protection v. Dopp, 268 N.J.Super. 165, 175-176, 632 A.2d 1270 (App.Div.1993). See also Black Whale, Inc. v. Director, Div. of Taxation, 15 N.J. Tax 338, 355 (Tax 1995). Finally, the Division argues that the plaintiff should not be permitted to dispute the applicability of the sales tax to the plaintiff, because plaintiff’s former counsel stated the issue of taxability was not being contested.[1] See Howard Savings Bank v. Liberty Mutual Ins. Co., 285 N.J.Super. 491, 497, 667 A.2d 390 (App.Div.1995). see also Hartford Fire Ins. Co. v. Riefolo Const. Co., 81 N.J. 514, 523, 410 A.2d 658 (1980.)
Taxpayer moves for summary judgment on the basis that the sales tax imposed for the time period at issue is unjustified because the language of the taxing statute is both unclear and ambiguous. Moreover, taxpayer argues against imposition of the sales and use tax because the Division of Taxation failed to provide proper notice of the tax law changes. Specifically, plaintiff contends that the July 1,1990 special notice sent to vendors by the Division merely reiterated the statutory language and faded to provide an interpretation that alarm monitoring services were now subject to the tax. Thus, plaintiff allegedly believed the services were personal and not subject to the tax. To further justify its belief that burglar alarm services were not taxable, plaintiff argues that sales and use tax vendors were most concerned with the rate change in the statute.
Plaintiff distinguishes Aetna, supra, by arguing that the liability period at issue in that case was after the Division published its interpretation of the amendments in August, 1991; thus, plaintiff argues Aetna was on notice. Moreover, plaintiff argues That it did not receive notice of the tax law changes until July 31,1991, when the Division of Taxation published its interpretation of the tax legislation changes. Finally, taxpayer seeks application of estoppel because: 1) they relied on a published 1982 ruling; 2) the *501 1990 amendments were ambiguous and did not serve as effective notice; 3) the notice given to vendors was as obscure as the statute; 4) the State’s publication of its interpretation was delayed for a year regarding the taxability of alarm monitoring systems; and; 5) the state singled out plaintiff for assessment of taxes during the time at issue.
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c). In Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995), our Supreme Court revised the summary judgment standard[2] and articulated,
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
[Id. at 523, 666 A.2d 146.]
Furthermore, “the court must accept as true all evidence which supports the position of the party defending against the motion and must accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.” Brill, supra, 142 N.J. at 535, 666 A.2d 146, citing to Pressler, Current N.J. Court Rules, Comment R. 4:40-2 (1991)(other citations omitted).
For the foregoing reasons, this court grants summary judgment for the defendant, Director, Division of Taxation and hereby *502 denies taxpayer’s motion for summary judgment. There is no dispute as to a material fact and the Division of Taxation is entitled to summary judgment as a matter of law. Brill, supra,
This court disagrees with the Division of Taxation’s contention that taxpayer is not permitted to dispute the issue of taxability because taxpayer’s former counsel allegedly conceded the issue. The alleged concessions were contained in a letter dated May 31, 1996, whereby taxpayer’s former counsel confirmed tax payments were being made under the New Jersey Amnesty Program for the period of August 1, 1991 through June 30, 1993. Moreover, this letter disputed the amount allegedly owed for the period commencing July 1, 1990 through July 31, 1991. With respect to the July 1, 1990 to July 31,1991 time period at issue, taxpayer’s former counsel stated “my client reserves the right to contest this (amount of taxes) on the basis that the regulation was not promulgated properly and that my client did not have knowledge of the taxability. The issue of taxability is not being contested.” Despite the positive statement, “the issue of taxability is not being contested,” this court finds both statements taken together appear to contradict one another. Regardless of whether the statements qualify as a concession or not, this court would still grant defendant’s motion for summary judgment and deny plaintiffs motion for summary judgment.
This court grants summary judgment to the Division of Taxation and denies same to the taxpayer for two reasons. First, the sales and use tax is applicable to the burglar alarm monitoring systems provided by taxpayer. See Aetna, supra. Second, every person is conclusively presumed to know the law; ignorance is no excuse. See Graham v. N.J. Real Estate Comm’n, 217 N.J.Super. 130, 138, 524 A.2d 1321 (App.Div.1987) referring to In re Mild, 25 N.J. 467, 485, 136 A.2d 875 (1957).
In Aetna, supra, 16 N.J. Tax 584, Judge Axelrad thoroughly reviewed the state’s sales tax and its applicability to alarm monitoring services. Specifically, the Aetna court determined that the New Jersey sales tax is applicable only to those services enumerated in N.J.S.A 54:32B-3(b)—3(f). Aetna, supra, 16 N.J. Tax at *503 586, citing Newman v. Director, Div. of Taxation, 14 N.J. Tax 313, 316 (Tax 1994), aff'd 15 N.J. Tax 228 (App.Div.1995).
Furthermore, Judge Axelrad wrote:
[application of New Jersey sales tax to “telecommunication” and “all services.. .provided in connection therewith” was accomplished through the 1990 amendments to N.J.S.A. 54:32B-2 and -3 L. 1990, c. 40. N.J.S.A 64:32B-B(f) specifically provides for a tax on “[t]he receipts from every sale, except for resale, of intrastate or interstate telecommunications charged to an address in this State, regardless of where the services are billed or paid” (emphasis added).
[Aetna, supra, 16 N.J. Tax at 586.]
Judge Axelrad reviewed the “telecommunications” definition provided in N.J.S.A. 54:32B-2 (cc) and the exclusions therefrom in N.J.S.A. 54:32B-2(cc)(1)-(5).
This court previously determined that burglar alarm monitoring services are telecommunications within the meaning of N.J.S.A. 54:32B-2(cc). See Aetna, supra, 16 N.J. Tax at 586-590. More specifically, Judge Axelrad found the applicable statute was neither “unclear or of doubtful meaning.” Id. at 587. Like Aetna, Schirmer also relies upon telecommunications to provide monitoring services.
Absent the abihty to notify the central station of an intruder, fire, or other emergency, an Aetna [Schirmer] alarm would be worthless. The value of any monitoring system hes in its abihty to communicate a message by telephone in the event of an emergency. As such, the use of the phone is a direct, significant and indispensable component of the burglar... alarm monitoring service, falling within the purview of N.J.S.A 54:32B-3.
[Id. at 588.]
While this court recognizes that the time period at issue in Aetna, supra, is different from the time period in question in the case at bar,[3] this court refers and gives deference to Judge Axelrad’s careful analysis of the New Jersey Sales Tax legislation. The *504 issue of notice existed, but was not crucial to the outcome of the ease in Aetna, supra, at 589. In Aetna, the court determined that the “Director’s interpretation is not unreasonable and is consistent with the language and probable legislative intent of N.J.S.A 54:32B-2 and -3. Thus, it should prevail.” Ibid.
While Aetna, supra, did not hinge on the issue of notice, the plaintiff in the case at bar argues that it was owed some individual notification of the tax amendments. It is well settled authority that “every person is conclusively presumed to know the law, statutory and otherwise.” Graham v. N.J. Real Estate Comm’n, 217 N.J.Super. 130, 138, 524 A.2d 1321 (App.Div.1987) referring to In re Mild, 25 N.J. 467, 485, 136 A.2d 875 (1957); Widmer v. Twp. of Mahwah, 151 N.J.Super. 79, 83, 376 A.2d 567 (App.Div.1977). See also Gibraltar Factors Corp. v. Slapo, 41 N.J.Super. 381, 125 A.2d 309 (App.Div.1956), aff'd 23 N.J. 459, 129 A.2d 567 (1957); City of Newark v. Yeskel, 6 N.J.Super. 434, 69 A.2d 355 (Ch.Div.1949), aff'd 5 N.J. 313, 74 A.2d 883 (1950); Szczesny v. Vasquez, 71 N.J.Super. 347, 177 A.2d 47 (App.Div.1962); Russo v. Forrest, 52 N.J.Super. 233, 145 A.2d 339 (App.Div. 1958); Mayfair Holding Corp. v. North Bergen Twp., 4 N.J. Tax 38, 41 (Tax 1982). Furthermore, “a statute does have the effect, immediately upon its enactment, of giving notice to all persons that the law will be as set forth in the statute, on and after the specified date for it to come into effect.” Brasko v. Duchek, 127 N.J. Eq. 567, 569-70, 14 A.2d 477 (Prerog.Ct.1940) referring to Diamond Glue Co. v. U.S. Glue Co., 187 U.S. 611, 23 S.Ct. 206, 47 L.Ed. 328 (1903). Thus, individuals are put on notice of legislative enactments on the date the legislation becomes effective. Ibid. Not only was taxpayer put on notice of the tax law changes on the date the sales tax amendment’s effective date, July 1,1990, but the Special Notice To All Sales And Use Tax Vendors, July 1, 1990, contained a hotline number for questions arising from the new tax law changes. If there was any question, taxpayer had the obligation to contact the Division of Taxation when the special notice was received.
*505 Accordingly, this court finds the plaintiff was on notice of the July 1, 1990 tax law amendments as of the effective date of said amendments, July 1, 1990. As such, taxpayer is therefore required to remit the sales tax to the Director, Division of Taxation. In accordance with this court’s finding that taxpayer was on notice of the tax law changes as of July 1, 1990, the estoppel doctrine is not applicable to the case at bar.[4] For the aforementioned reasons, summary judgment is granted for the Director, Division of Taxation, and taxpayer’s cross-motion for summary judgment is denied. Order to be entered in accordance with R. 4:42 — 1(e).

 ln a letter dated May 31, 1996, taxpayer’s former counsel stated, "my client reserves the right to contest this (amount of taxes) on the basis that the regulation was not promulgated properly and that my client did not háve knowledge of the taxability. The issue of taxability is not being contested."

 Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75, 110 A.2d 24 (1954) was the “definitive expression of the standards of decision governing the grant or denial of a summary judgment motion.” Pressler, Current N.J. Court Rules, comment R. 4:46-2 (1998). Before the Brill revision, summary judgments were rarely and sparingly granted because it was necessary to “palpably” demonstrate there is no genuine issue of a material fact. See Judson, supra, 17 N.J. 67, 110 A.2d 24.

 In Aetna, the period at issue was July 1, 1991 through June 30, 1994. Aetna, supra, 16 N.J. Tax 584. In the case at bar the period at issue is July 1, 1990 through July 31, 1991. Specifically, the period at issue in this case concerns the time between the adoption date of the 1990 amendments to N.J.S.A. 54:32B-2 and -3 until the date when the Director, Division of Taxation, published an interpretation of the aforementioned amendments specifying that alarm monitoring services were subject to New Jersey sales tax in the July/August 1991 issue of New Jersey Tax News.

 The doctrine of equitable estoppel has been defined by the Appellate Division as
the effect of the voluntary conduct of a party whereby the party is absolutely precluded, both at law and in equity, from asserting rights which might have otherwise existed, as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse. W.V. Pangborne & Co., Inc. v. New Jersey Dept. of Transportation, 116 N.J. 543, 553, 562 A.2d 222 (1989).
[State, Dept., of Env. Protection & Energy v. Dopp, supra, 268 N.J.Super. at 175-176, 632 A.2d 1270.]