SMALL, J.T.C.
On October 8, 1999, at the conclusion of my bench opinion in this case, the attorneys requested that I issue a written opinion. This opinion is an edited and slightly expanded version of my bench opinion.
Plaintiff, Williams Termite and Pest Control, Inc. (“Williams”), has challenged an assessment for the period July 1992 through June 1995 by the Director, Division of Taxation, under the Sales and Use Tax Act. N.J.S.A. 54:32B-1 to -29.
This matter is submitted to the court under R. 8:8 — 1(b), which permits submission of a case for Decision on stipulation without trial. I have reviewed the briefs, the stipulation of facts, and the arguments of counsel. The issue is whether the fees for an *446 exterminator’s “reinspeetion”- are subject to sales tax. The Director contends that they are fees for an extended warranty subject to tax. Williams contends that they are non-taxable inspection fees.
The general pattern of the sales tax statute is to tax all sales of tangible personal property unless they are specifically exempt. N.J.S.A. 54:32B-3(a). Only sales of specifically enumerated services are subject to tax. N.J.S.A. 54:32B-3(b). Exterminating services are subject to tax. N.J.S.A 54:32B — 3(b)(4). The parties agreed at oral argument that the inspection services alone, if not coupled with anything else, are not subject to tax because they are not specifically enumerated. An examination of the facts is essential to the ultimate determination in this case.
The stipulation of facts submitted to the court indicates that the plaintiff sells extermination services with reinspeetion and retreatment components. The initial contract between the plaintiff and its customers reads, in part, as follows:
Upon receipt of payment therefore fsic] [referring to the anti-termite chemical treatment], the above work as specified is to be SERVICED FOR A PERIOD OF _YEAR(S) from date of completion and will be subject to regular annual inspection. Should evidence of further termite infestation appear within the treated areas during the service periods, provided the property has not been altered, the chemical barrier disturbed or the treated areas covered with new elements of construction, chemical retreatment will be performed without further cost to the property owner. FAILURE ON THE PART OF THE OWNER TO SECURE THIS ANNUAL INSPECTION WILL RESULT IN THE AUTOMATIC CANCELLATION OF ALL SERVICE PLANS EXPRESSED, OR IMPLIED BY WILLIAMS TERMITE AND PEST CONTROL, INC. WITHOUT WRITTEN NOTICE. This inspection service, together with any required chemical treatment, may be continued AFTER THE SERVICE PERIOD, at the OPTION of the property owner for a payment of $_per year. Renewal service plan is subject to change after the third year. This service plan may not be transferred or assigned without the written consent of the company. This service plan may change at any time without notice as a result of any changes in N.J. state regulations as set forth by the Department of Environmental Protection.
In the form that was submitted as part of the stipulation of facts, the length of the initial service period is “one” year, and the payment is $109 per year.
The issue before me is whether there is a tax on that $109 fee. The renewal notice that goes out says: “Our yearly reinspeetion *447 program starts in early fall and is completed by early spring of the following year. Reinspections are made without reference to the expiration date of your sendee plan. Inspection will be scheduled between 8:30 a.m. and 4:30 p.m. Please include your business and home telephone number with your remittance. No other bill will be sent.” It is that invoice on which the Division contends that sales tax is due, and the taxpayer says no tax is due. There is no question that sales tax was charged on the initial contract price and was not charged on the subsequent renewal notice, and that is what is at issue here.
Williams’s attorney has brought to our attention the hypothetical case where there is initially only an inspection and not a treatment. That is not part of the stipulation in this case. At oral argument the Director’s attorney represented that her review of the audit files shows that no such assessments were made and that all of the assessments were made for renewals. Tn any event, what is before me is the fee for continuation of a warranty and further treatment (if necessary) in which the initial contract was not for an inspection only but for a treatment.
I.
Application of the Sales Tax Law to the Facts
In 1981, long before the period for which the assessment is made in this case, the Director was requested to make a ruling on this issue by the attorney for the extermination industry. The response by Tax Counselor Nicholas Catalano was:
The position of this Division with respect to the incidence of sales tax on receipts from an initial or reinspection post treatment warranty and a reinspection and warranty contract is as follows:
(a) A charge made by a pest control vendor for either an initial inspection of real property or a reinspection of such property is not subject to sales tax; provided, however, that (1) in the case of an initial inspection, the charge for the inspection is subject to sales tax if included in an invoice for the performance of a pest control treatment and (2) in the case of a reinspection, the charge for reinspeetion is subject to sales tax if included in the price of a contract for treatment where necessary. (State Tax News, Vol. V, No. 1, January/February 1976.)
*448 (b) A post-treatment warranty is not subject to sales tax where the cost of the same is included in the price of the treatment performed and under guarantee by the pest control operator. (State Tax News, Vol. 8, No. 2, Mareh/April 1979.)
(c) A post-treatment warranty (reinspeetion and warranty contract) is subject to sales tax where a charge is made therefor and the pest control operator is under a contractual obligation to perform a treatment if necessary. (Stale Tax News, Vol. 8, No. 2, March/April 1979.) In these cases, a separately stated charge for reinspeetion is included [sic] the taxable receipt. (See (a)(2) above.)
This advice was subsequently published in 10 New Jersey State Tax News 92 (July/August 1981). “[T]he Director’s construction of the operative law, which is not plainly unreasonable and with which the Legislature has not interfered [for over 15 years from 1981 to the time of the assessment in this case] is entitled to prevail.” Aetna Burglar & Fire Alarm Co. v. Director, Div. of Tax., 16 N.J.Tax 584, 589 (Tax 1997), citing Metromedia, Inc. v. Director, Div. of Tax., 97 N.J. 313, 327, 478 A.2d 742 (1984), and Vavoulakis v. Director, Div. of Tax., 12 N.J.Tax 318, 332 (Tax 1992), aff’d 13 N.J.Tax 322 (App.Div.1993). Paragraphs (a)(2) and (c) cover the facts in this case. The first sentence of paragraph (a) cannot be read without the part of that sentence which reads “provided, however----” Thus, when there is an obligation to retreat, and there has been a previous contract requiring treatment, the new charge, the warranty charge, the reinspeetion charge, the annual charge, whatever it is called, is subject to tax. Williams misinterpreted this letter as exempting the reinspeetion fee.
There is a logic to the Director’s interpretation. The person issuing the warranty is not a sepárate entity from the person who initially treated the property. By charging and accepting the renewal fee, the entity agrees to render a taxable service (if necessary). If all of the “reinspeetion” warranty fees had been charged with the initial contract, there would be no question that they were taxable. The fact that they are paid on an installment basis should not change then* susceptibility to sales tax. Whether a contract is a single contract or divisible into separate components is an indication of the parties’ intent at the time of signing the contract. Modern Handling Equip. of New Jersey v. Director, Div. of Taxation, 17 N.J.Tax 270, 279-81 (Tax 1998), citing Studzinski v. Travelers Ins. Co., 180 N.J.Super. 416, *449 419-20, 434 A.2d 1160 (Law Div.1981) and General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 138, 416 A.2d 37 (1980). I have no evidence, as Williams’s counsel argues, that the $109 fee is only the cost of reinspection. Basically, Williams is in the business of doing chemical treatments, and its charges are divided in different ways, but, ultimately, the work it does is taxable, unless it is simply an inspection service. I find that the renewal fees were a payment under, and a part of, the initial contract.
I note that there is a similar pattern indicated in the way motor vehicle warranties are taxed.
Where charges are made for the following items in conjunction with the sale of a motor vehicle, they must be included m the amount upon which the tax is computed... (3) Warranty charges.
[N.J.A.C. 18:24-7.5(a)3]
In 9 New Jersey State Tax News 31 (March/April 1980), the Director states:
N.J.S.A. 54:32B-2(f) [which is the same section which is cited for reliance upon in imposition of the tax in this ease] of the New Jersey Sales and Use Tax Act defines a sale, in past, as any agreement for the performance of a service taxable under the act. The maintenance, repair or servicing of motor vehicles is subject to sales tax in this state under N.J.S.A. 54:32B-3(b)(2). Accordingly, an extended warranty or continuous protection plan, as an agreement to perform repairs covered by it, is a sales taxable transaction, whether or not repair services are actually performed.
I find these reinspection or renewal fees are extended warranties included in the contract, but payable over a period of time subsequent to the initial treatment. Without the subsequent payment, the entire warranty is canceled. I find it is simply a contract with an extended payment period, subject to cancellation if subsequent payments (the reinspection fees) are not made.
II.
Estoppel.
Williams argues that the Director is estopped from making the assessment in this case. The 1981 letter from the Tax Counselor does not protect Williams. The letter makes sense as interpreted by the Director. Williams argues that the letter estops the Director from collecting the tax on the reinspection *450 fees. First of all, estoppel is rarely invoked against the government, particularly against the Director of Taxation. Airwork Service Div. v. Director, Div. of Tax., 97 N.J. 290, 296-299, 478 A.2d 729 (1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985). Many of the estoppel and tax estoppel cases are collected in Black Whale, Inc. v. Director, Div. of Tax., 15 N.J.Tax 338, 353-56 (Tax 1995).
The Director’s counsel points out that, prior to 1992, if the Director gave incorrect written advice that was followed by the taxpayer, there was no relief from an assessment by the Director inconsistent with that advice. Subsequent to 1992, after the enactment of the Taxpayers’ Bill of Rights (L. 1992, c. 175), the only relief would be under the provisions of N.J.S.A. 54:49-11b, which provides for the abatement of penalty and interest.
The director shall waive the payment of any part of any penalty or-any part of any interest attributable to the taxpayer’s reasonable reliance on erroneous advice furnished to the taxpayer in writing by an employee of the Division of Taxation acting in the employee’s official capacity, provided that the penalty or interest did not result from a failure of the taxpayer to provide adequate or accurate information.
[N.J.S.A. 54:49-11.b]
In this case, relief under the Taxpayers’ Bill of Rights is not warranted, because the 1981 Tax Counselor’s letter could not have been reasonably relied on by Williams in not collecting sales taxes on the renewal/reinspection fees. Thus, the statutory provision added by the Taxpayers’ Bill of Rights (N.J.S.A. 54:49-11b) provides no relief for Williams. Under the case law of New Jersey, the Director was not estopped from making the assessment by the 1981 Taje Counselor’s letter. The only mechanism for preventing the tax assessment in this case would have been a formal closing agreement under N.J.S.A. 54:53-1 to -17. See Black Whale, supra, 15 N.J.Tax at 357.
I specifically do not rule on the taxability of a reinspection fee following an inspection only, because those facts are not before me. I find that a reinspection fee, which includes the right to a treatment, if necessary, and which follows a treatment under the *451 contract terms in this case, is subject to sales tax. Accordingly, I will affirm the Director’s assessment and dismiss the complaint.